LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-1574 (GAF)(PJWx) | Date | June 11, 2014 |
|---|---|---|---|
| Title | Kochlani et al  v. Natural Factors Nutritional Products, Inc. | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Stephen Montes Kerr | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| None | None | |

**Proceedings:**        (In Chambers)

## ORDER TO SHOW CAUSE

  Guy Kochlani ("Plaintiff") filed this class action against Natural Factors Nutritional Products, Inc., a/k/a Natural Factors ("Defendant") on March 4, 2014.  (Docket No. 1 [Complaint ("Compl.")].)  However, the Court is unable to determine whether it has jurisdiction over this matter because Plaintiff's jurisdictional allegations are deficient.

  Federal courts are courts of limited jurisdiction, and the burden of establishing jurisdiction rests upon the party asserting it.  Kokkonen v. Guardian Life Ins. Co. Of Am., 511 U.S. 375, 377 (1994).  Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and the matter is between citizens of different states.  28 U.S.C. § 1332(a).  "Diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity, i.e., every plaintiff must be diverse from every defendant."  Osborn v. Metropolitan Life Ins. Co., 341 F. Supp. 2d 1123, 1126 (E.D. Cal. 2004).  Allegations of residence are insufficient to establish jurisdiction.  Instead, citizenship is determined by a person's domicile—"[his] permanent home, where [he] resides with the intention to remain or to which [he] intends to return."  Kanter v. Warner-Lambert Co., 265 F.2d 853, 857–58 (9th Cir. 2001).  Additionally, a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."  28 U.S.C. § 1332(c)(1).

  Plaintiff alleges that diversity jurisdiction exists because this is a civil action between citizens of different states, and the matter in controversy exceeds $75,000.  (Compl. ¶¶ 15, 16.)  He is seeking damages, restitution, and an injunction arising out of his purchase of Defendant's supposedly misleading nutritional supplement.  (Id. ¶¶ 1, 2.)

  While Plaintiff is bringing this action on behalf of a class, he does not invoke the Court's

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-1574 (GAF)(PJWx) | Date | June 11, 2014 |
|---|---|---|---|
| Title | Kochlani et al v. Natural Factors Nutritional Products, Inc. | | |

jurisdiction over class actions under 28 U.S.C. § 1332(d).  This provision would have allowed the aggregation of claim amounts between class members, but it also imposes a higher jurisdictional amount—$5 million—than the typical diversity case.  Instead, Plaintiff relies upon 28 U.S.C. § 1332(a), which is satisfied by a $75,000 amount in controversy—but demands that a plaintiff "independently satisfy the amount in controversy requirement, and [the] class members' damages cannot be aggregated."  Bernal v. Comerica Bank, 2010 WL 3037259, at *4 (C.D. Cal. July 30, 2010).

      The product Plaintiff purchased cost $13.17, and he purchased it once.  (Id. ¶ 44.)  Accordingly, while Plaintiff states that the amount in controversy exceeds $75,000, (id. ¶ 15), his factual allegations do not appear to support such a claim.  Instead, his maximum injury seems to be slightly over $10.  It is therefore unclear if the diversity requirement is met.

      Additionally, Plaintiff has alleged only that he is "a natural person residing in" California.  But residence is not synonymous with citizenship.  Instead, citizenship is determined by a person's domicile—"[his] permanent home, where [he] resides *with the intention to remain* or to which [he] intends to return."  Kanter, 265 F.2d at 857–58 (emphasis added).  It is therefore unclear whether the Parties are actually diverse.

      Accordingly, Plaintiff Kochlani is **ORDERED TO SHOW CAUSE** why this case should not be dismissed for lack of subject matter jurisdiction.  Plaintiff's response shall be due by the close of business on **Monday, June 23, 2014**.  **Failure to respond will be deemed consent to dismissal of this action.**

      **IT IS SO ORDERED.**